```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Tony Eaton

    v.                                         Civil No. 13-cv-121-JL

Caine & Weiner, Inc.


**SUMMARY ORDER**

    Plaintiff Tony Eaton, who is represented by counsel, filed this action against Caine & Weiner, Inc. ("C&W"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and state consumer protection laws. Eaton's complaint, quoting 15 U.S.C. § 1692a(5) verbatim, alleges that C&W "is attempting to collect on . . . an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  It provides no further factual detail on this point.  The remainder of the complaint is similarly bereft of meaningful facts.  The entirety of its allegations concerning C&W's allegedly wrongful conduct consist of obtuse accusations that C&W, "within one (1) year preceding the date of this Complaint, . . . continued to contact Plaintiff after being informed that Plaintiff is not the alleged debtor that Defendant is trying to locate" and "attempted to communicate with Plaintiff

numerous times and with such frequency as to harass and abuse the Plaintiff."

These allegations are, in the court's view, insufficient to meet Eaton's burden, under Federal Rule of Civil Procedure 8(a)(2), to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court has explained:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> . . .
>
> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (internal quotation marks and citations omitted).

Eaton's complaint falls far short of this standard.  Many of its allegations--such as its allegation regarding the nature of the debt, quoted above--offer nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  And what little factual matter appears in the complaint creates only "a sheer possibility" that C&W violated the FDCPA or state law.  While, to be sure, it <u>might</u> have been unlawful for C&W to "continu[e] to contact Plaintiff after being informed that Plaintiff is not the alleged debtor," that conduct on its own does not violate either the FDCPA or the state laws upon which Eaton relies.  Nor do those statutes prohibit contacting an alleged debtor "numerous times" or "with frequency"; only when the number, frequency, or nature of the contacts become harassing, abusive, or oppressive do they become actionable.  As noted, however, the complaint tells the court nothing about how many times or how often C&W contacted or attempted to contact Eaton.  Its allegations "are merely consistent with" C&W's liability, and do not meet Rule 8's plausibility requirement.

Accordingly, **on or before April 4, 2013**, Eaton shall file either (a) a memorandum showing cause why this action should not be dismissed for failure to state a claim; or (b) an amended complaint supplying "sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face" in accord with Rule 8's standard.  Failure to comply with this order will result in dismissal of the complaint for failure to state a claim.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 21, 2013

cc:  Anthony S. Augeri, Esq.